ST. LAWRENCE UNIVERSITY, Respondent, v. TRUSTEES OF THE THEOLOGICAL SCHOOL OF ST. LAWRENCE UNIVERSITY, Appellant.

Third Department, December 30, 1966.

*Whalen, McNamee, Creble & Nichols* (*Charles E. Nichols* of counsel), for appellant.

*DeGraff, Foy, Conway & Holt-Harris* (*John T. DeGraff* and *Margrethe R. Powers* of counsel), for respondent.

*Harris, Beach, Keating, Wilcox, Dale & Linowitz* for New York State Convention of Universalists, *amicus curiæ*.

HERLIHY, J. This is an appeal by the defendant from a judgment of Special Term which denied the defendant's motion for dismissal of the complaint for failure to state a cause of action and granted summary judgment for the plaintiff.

The complaint alleged that on June 30, 1965 the Trustees of the Theological School of St. Lawrence University (hereinafter referred to as Trustees) discontinued the operation of the theological school and since such time the Trustees have not operated or maintained such school anywhere. It further alleges that certain cash, securities and real property had in the past been transferred to the Trustees by the plaintiff and that the real property was subject to a reversion of title when it was no longer used for a theological school. After alleging these facts and incorporating by reference the present charter of the plaintiff, the complaint demands that it be declared that the plaintiff owns all of the assets of the theological school and that the Trustees be directed to convey such assets forthwith.

The issue presented by the motion was whether or not the complaint states a cause of action.

The plaintiff argues that the theological school was no more than a department of itself and therefore when the school ceased to operate, all of the assets in the hands of the Trustees became those of the plaintiff. The Trustees argue that they are either a corporation *de jure* or *de facto* and accordingly, the only way their assets can be distributed is in accordance with sections 219 and 220 of the Education Law.

The charter of the plaintiff (1964) provides in section 2 that " The corporation shall have power to establish a theological school * * * as a separate department of [itself] * * * and, when so established, shall thereafter maintain the same; such theological school shall have power to take and receive separate property, to hold the same for its maintenance and to conduct and administer the same for the purposes of theological education. The property * * * of such theological school

shall be administered by a separate board of 12 trustees * * * All separate property heretofore or hereafter received by said university for the uses, purposes and maintenance of theological education, shall forthwith be turned over by the trustees of said university to said separate board of 12 trustees ''.

A reading of the charter makes it plain that all property which the plaintiff might receive for '' the uses, purposes and maintenance of theological education '' shall be held by such Trustees. The charter provides that the plaintiff does not have the power to hold property for the purpose of theological education.

The amendment of the charter by chapter 40 of the Laws of 1910 and by the act of the Board of Regents, dated October 23, 1964, which struck out all prior legislative acts and amendments made by the Board of Regents seems, first, to have constituted the separate board of trustees of the theological seminary a new and separate corporation with every essential attribute of corporate existence including the capacity of perpetual succession, the right to take and hold property and the right to sue and be sued in the *corporate* name, and, second, to have vested in the new corporation all the existing assets devoted to theological education; but whether or not these conclusions are correct, neither the complaint, the statutes nor the documentary evidence demonstrates the plaintiff's right to the assets. The Special Term's opinion seems erroneously to assume that because the school remains a department of the university it cannot simultaneously enjoy a separate existence, corporate or otherwise, sufficient to entitle it to hold and retain the assets in question. On the present appeal it is not necessary to finally determine the corporate issue.

Since the plaintiff is not entitled to hold the assets involved in this proceeding, it is not entitled to the relief requested in the complaint.

In regard to the reversion contained in the deed as set forth in the complaint, the rights of the parties may be determined in a proceeding pursuant to the Real Property Actions and Proceedings Law.

Both parties correctly assert that the action and the motion involve only questions of law and neither party disputes the authenticity of the official documents submitted on the motion.

The judgment should be reversed, on the law and the facts, and the complaint dismissed for failure to state a cause of action, without prejudice to such further proceedings as the plaintiff may be so advised.

BRINK, J. I concur as to the reversal of summary judgment but dissent as to that portion of the majority decision which dismisses the complaint.

The complaint alleged that on June 30, 1965, the Trustees of the Theological School of St. Lawrence University discontinued the operation of said theological school and since June 30, 1965, no theological school has been operated or maintained by the aforesaid Trustees at St. Lawrence University or elsewhere. It also appears from the face of the complaint that the plaintiff is a domestic corporation created pursuant to chapter 91 of the Laws of 1856 of the State of New York. That by chapter 123 of the Laws of 1868, the charter was amended to provide that vacancies in the Board of Trustees of the Theological School were to be filled by the New York State Convention of Universalists. This statute was repealed and the Legislature under chapter 40 of the Laws of 1910, conferred certain powers upon the defendants authorizing them to operate a theological school as a department of St. Lawrence University, with the power to sue and be sued under the name "The Trustees of the Theological School of St. Lawrence University."

In its complaint, the plaintiff demanded a declaratory judgment declaring that St. Lawrence University is the owner and entitled to the immediate possession of all the assets of the theological school heretofore operated and maintained as a department of St. Lawrence University, and directing the defendant Trustees to forthwith convey, transfer and deliver to St. Lawrence University, the plaintiff, all the assets of the theological school. Attached to the complaint are copies of the statutes hereinbefore referred to. Apparently upon the motion, plaintiff filed certain exhibits with the court and the defendant submitted a copy of its by-laws, which are attached to defendant's brief.

The only attack made as to the sufficiency of the complaint is based upon the contention by the appellants that chapter 40 of the legislative act of 1910, chartered the theological school as a separate and distinct corporation, and thereby vested in the defendants as Trustees of the Theological School, absolute and complete ownership of all assets coming into their hands. This contention is based upon the fact that in the 1910 statute, the Legislature granted to the defendants certain powers which are necessarily held by a corporation. To determine the merits of this contention, it is necessary to examine the statute for the purpose of spelling out the intent of the Legislature.

The original charter enacted under chapter 91 of the Laws of 1856, was entitled "An Act to incorporate the St. Lawrence University and Theological Seminary." Both of the statutes, subsequently enacted, chapter 123 of the Laws of 1868 and chapter 40 of the Laws of 1910, are both characterized in their titles as acts to amend the prior act of 1856, entitled: "An act to incorporate the St. Lawrence University and Theological Seminary." The final statute of 1910, amending section 4 of the original act, gave the corporation power to establish a theological school and recites: "The corporation shall have power to establish a theological school for the Christian denomination called Universalists, as a separate department of said university". The corporation referred to must be the original corporation created by the act of 1856. This amended section after granting to the theological school the power to take and receive property for its maintenance and conduct, giving it the right to administer the same for the purpose of theological education, provided that the school should be administered by a separate board of nine Trustees to be elected by the New York State Convention of Universalists. Further provision is made that all separate property heretofore or hereafter received by said university for the uses, purposes and maintenance of theological education shall be turned over to the separate board of nine Trustees. That said separate board shall have the power to sue and be sued, to appoint a faculty and to change the same, to adopt by-laws, to prescribe the courses of study and to regulate the government and instruction of the students.

After granting these powers to the Trustees, the statute recites: "All powers not by this section conferred upon the said separate board of trustees of the theological school are vested in the trustees of the Saint Lawrence University, who are hereby empowered to fill any and all vacancies which may hereinafter occur in their body." Certain corporate powers may be granted to an unincorporated society. (*White* v. *Miller*, 71 N. Y. 118; *Feiner* v. *Reiss*, 98 App. Div. 40.)

The only reasonable construction of the language in the 1910 statute is that it was not the intention of the Legislature and the institutions involved, that the theological school should be totally divorced from the parent institution to the extent that it had a complete and separate corporate identity. No new charter is granted to provide for an additional board of trustees, but the old one is amended. The corporation referred to in the act of 1910 is the original corporation. Any powers beyond those enumerated in the amendment are reserved to the original corporation.

It is my opinion that the statutory allegations set forth in the complaint constitute a sufficient basis for the court at Special Term to deny defendant's motion to dismiss the complaint.

No affidavit was submitted by the plaintiff. Documents including resolutions of the Trustees of St. Lawrence University and a resolution by the Board of Regents were submitted by the plaintiff and the by-laws of the defendant Board of Trustees were submitted by the defendants.

Although the authenticity of these documents is not questioned, they were not submitted in evidentiary form. CPLR 3212 (subd. [b]) specifically provides that a motion for summary judgment shall be supported by affidavit. CPLR 3211 (subd. [c]), under which the court in this instance granted summary judgment, provides that upon the hearing of a motion, either party may submit any evidence that could properly be considered on a motion for summary judgment. By reason of the reference to the requirements of CPLR 3212, it is only reasonable to conclude that the Legislature intended that a plaintiff seeking summary judgment, following a motion made to dismiss a complaint under CPLR 3211, would at least be required to submit a sworn affidavit. (See, *Cushman & Wakefield* v. *John David, Inc.*, 25 A D 2d 133, 135; The Biannual Survey of New York Practice, Part V, 40 St. John's L. Rev. 163 [1965]; 4 Weinstein-Korn-Miller, N. Y. Civ. Prac., pars. 3211.49, 3212.05 [1965].)

Regardless of the requirements of this statute, it seems obvious that a court is never in a position to make a determination as to the existence or nonexistence of triable issues of fact without affidavits or sworn testimony presented on a hearing. The failure to adhere to these standards might well establish a haphazard and dangerous rule of practice.

The portion of the order granting summary judgment should be reversed, and the order denying defendant's motion to dismiss the complaint should be affirmed as modified.

GIBSON, P. J., and REYNOLDS, J., concur with HERLIHY, J.; STALEY, JR., and BRINK, JJ., concur in part and dissent in part, and vote to modify the order appealed from by deleting the provision thereof awarding summary judgment, and to affirm the order as so modified, in an opinion by BRINK, J., in which STALEY, JR., J., concurs.

Judgment reversed, on the law and the facts, and motion to dismiss the complaint granted without prejudice, and without costs.